UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM WILSON
STUBBLEFIELD II, LIVING TRUST,

    Plaintiff,

v.

CITY OF DETROIT

    Defendant.
_____/

Case No. 25-cv-13837
Hon. Matthew F. Leitman

## ORDER REMANDING ACTION TO STATE COURT

On December 1, 2025, Plaintiff William Wilson Stubblefield, II Living Trust ("Stubblefield") filed a Notice of Removal in this Court. (*See* Notice of Removal, ECF No. 1.) The Notice of Removal is difficult to follow, but Stubblefield appears to allege that he is the subject of a state-court criminal prosecution in the 36th District Court for the State of Michigan (Case No. SP17999431-OT), and he now seeks to remove that state criminal action to this Court. (*See id.*) Stubblefield says that the state prosecution violates his federal constitutional rights because he was "arrested or cited without probable cause," and he further argues that the prosecution unlawfully impedes on his right to travel and is unconstitutional under Michigan state law. (*Id.*, PageID.1-2.)

1

The removal of a state-court criminal prosecution is governed by 28 U.S.C. § 1443. That statute provides as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443(1)-(2). "Under § 1443, a [state-court criminal] defendant attempting to remove a criminal action must meet two conditions. First, the defendant must demonstrate that he or she has been denied a civil right that arises under federal law and that the specific civil right protects racial equality. Second, the defendant must demonstrate that the specified federal right has been denied or cannot be enforced in the state court." *Slough v. Charlevoix County Sheriff's Department*, 2025 WL 2331047, at *4 (W.D. Mich. Aug. 13, 2025) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)). "Removal is not appropriate simply on grounds that the state has brought criminal charges against the defendant." *People v. State of Mich. v. Martin*, 894 F.2d 1336, at *1 (6th Cir. Feb. 5, 1990) (TABLE).

Stubblefield has not even attempted to meet the standard for removal here. He has not indicated that he "has been deprived of civil rights that protect racial equality." *Slough*, 2025 WL 2331047, at *4. Nor has he shown that his federal rights cannot be enforced in state court. *See Martin*, 894 F.2d 1336, at *1 ("Upon consideration of a petition to remove a state criminal proceeding to federal court, the district court must assume that the defendant's constitutional rights will be protected in the state court"). Accordingly, Stubblefield has "not satisfied the requirements for removal of a state criminal proceeding to federal court." *Slough*, 2025 WL 2331047, at *4. *See also Michigan v. Mixon*, 2021 WL 1439706, at ** 1-2 (E.D. Mich. Apr. 16, 2021) (remanding action to state court where plaintiff sought to remove state-court criminal proceeding to federal court and failed to satisfy requirements of Section 1443).

For all of the reasons explained above, Stubblefield has not shown that his state-court criminal prosecution is removable to this Court. The Court therefore **REMANDS** this action to the 36th District Court for the State of Michigan.

    **IT IS SO ORDERED**.

                                        s/Matthew F. Leitman
                                        MATTHEW F. LEITMAN
                                        UNITED STATES DISTRICT JUDGE

Dated: December 9, 2025

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 9, 2025, by electronic means and/or ordinary mail.

                                              s/Holly A. Ryan  
                                              Case Manager  
                                              (313) 234-5126